

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Mike Anglin
Criminal District Attorney
Longview, Texas

Dear Sir:

Opinion No. 0-6886
Re: Status of the Universal CIT
Credit Corporation under the
provisions of Article 7047,
Subdivision 15, V.A.C.S., and
liability of said corporation
for State and county occupa-
tion taxes.

This department has received your letter of October 17, 1945, which is in part as follows:

"We would like to have you give us an opinion on the following question:

"The Universal CIT Credit Corporation, a foreign corporation, doing business in Texas, has a local branch office in Longview. They loan money through their branch manager, Mr. S. E. McRoberts, on automobiles with security, and on single signature notes, with no assignment of wages of the borrower and no power of attorney. The money loaned is the corporation's money deposited in local banks.

"Q U E S T I O N S:

"(1) Does this Company come under Article #7047, Subdivision 15, known as 'money lenders,' and are they subject to the annual State tax of $150.00, and the County tax of $75.00, as occupation tax?

"(2) Do you construe this article that they would come under this law, if not under the above

question, since the branch manager will be
an agent of the corporation in lending its
money, where he both lends and collects
money loaned and remits profits to the home
office of the company?"

Article 7047, Subdivision 15, Revised Civil Statutes, 1925, is as follows:

"Money Lenders.--From every person, firm, association of persons, or corporation whose business is lending money as agent or agents for any corporation, firm or association, either in this State or out of it, an annual tax of One Hundred Fifty Dollars ($150.00). Provided, that if an office is maintained in more than one county, the State tax shall be payable in each county where an office is maintained; and, provided, further, that this Tax shall not apply to persons, firms, or associations who lend money as an incident merely to the real estate business, nor shall said tax apply to banks, or banking institutions regularly organized as such."

The Universal CIT Credit Corporation, a foreign corporation, received a permit to do business in Texas from the Secretary of State on September 20, 1945, to engage in business in Texas for the following purposes:

"To accumulate and lend, purchase and deal in notes, mortgages and other receivables, but without banking or discount privileges."

The Court of Criminal Appeals in the case of Means v. State, 75 S.W. (2d) 953, construed the term "money lender" as follows:

"Nor does the evidence show that Means was a 'money lender' within the meaning of article 7047, subd. 15, R.S. 1925. The article referred to defines a money lender thus: 'Every person, firm or association of persons loaning money as agent or agents for any corporation, firm or association, either in this State or out of it,' is a money lender. It is clear that, if Means was

loaning his own money, and there is no evidence
to the contrary, he was not a 'money lender.'
..."

It is fundamental law that a corpotation acts only
through its officers or agents, within the scope of their au-
thority, either express or implied.  Since one of the pur-
poses authorized by the permit issued by the State of Texas
to the corporation was to lend money on notes, mortgages,
and other receivables, the act of the branch manager in lend-
ing the corporation's own money on automobiles as security
was the act of the corporation in lending its own money, and
hence, under the decision in the case cited above, neither
the corporation nor the branch manager is subject to the pro-
visions of subdivision 15, Article 7047, R.C.S., 1925.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

C. K. Richards
Assistant

CKR:db